## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER APSEY**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:23-cv-04546-MLB-RDC |
| **BOARD OF REGENTS OF THE** | ) | |
| **UNIVERSITY SYSTEM OF** | ) | **JURY TRIAL DEMANDED** |
| **GEORGIA D/B/A** | ) | |
| **AUGUSTA UNIVERSITY** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.  **Description of Case:**

    **(a)    Describe briefly the nature of this action.**

    Plaintiff Christopher Apsey ("Plaintiff") brings this action against Defendant

Board of Regents of the University System of Georgia D/B/A Augusta University.

("Defendant") alleging retaliation in violation of Title VII of the Civil Rights Act of

1964 as amended.  Defendant denies that any actions or omissions giving rise to a

cause of action have occurred, denies that it engaged in any conduct violative of

Title VII or any other law, and further denies that Plaintiff is entitled to recover any relief.

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Statement:

Plaintiff was hired as Director of the Georgia Cyber Range at Augusta University on May 18, 2020. On February 22, 2021, Plaintiff was approached by Internship Coordinator Alex Miles concerning allegations of sexual harassment originating from her manager, Director of the Cyber Workforce Academy, Sarah Rees. To promptly address these concerns, Plaintiff facilitated a meeting that included Ms. Miles, Executive Vice President for Strategic Partnerships and Economic Development Michael Shaffer, and himself. During this meeting, Mr. Shaffer acknowledged the seriousness of Ms. Miles's complaints and advised that HR should be involved.

Subsequently, on February 26, 2021, Plaintiff received a distraught call from Cyber DevOps Engineer Nicole Cliff regarding Ms. Miles's complaint wherein she asked what was going on. Ms. Cliff, like Ms. Miles, reported to Ms. Rees. In response, Plaintiff conveyed his inability to disclose specifics but encouraged honest responses if questioned. It is believed that during a subsequent meeting involving

Ms. Cliff, Ms. Rees, and Executive Director Eric Toler, Ms. Rees threatened to falsely accuse Plaintiff of sexual harassment.

On March 1, 2021 Mr. Toler berated Plaintiff and Ms. Miles during a weekly operations meeting, a departure from previous interactions. Plaintiff, concerned about Mr. Toler's behavior, expressed his concern about this treatment and recommended against admonishing subordinates publicly. In response, Mr. Toler vehemently accused Plaintiff of undermining Ms. Rees since joining Augusta University, with implications of formal documentation and HR involvement. Plaintiff promptly reported this exchange to Mr. Shaffer.

On March 3, 2021, Plaintiff received notification of an HR complaint filed against him, specifically naming him in a sexual harassment investigation. Two days later, on March 5, 2021, Plaintiff received an email from Mr. Toler expressing concerns about his projects, which had previously received commendation and faced no issues before Plaintiff assisted Ms. Miles with her sexual harassment complaint.

On March 7, 2021, Plaintiff emailed HR, expressing his belief that the sexual harassment complaint against him was retaliatory. He requested an investigation into the matter. Later that day, Mr. Toler informed Plaintiff of the pause on his projects. Plaintiff escalated the issue to Mr. Shaffer, who intervened to override Mr. Toler's decision.

On March 9, 2021, Plaintiff provided HR with a written statement, reiterating his belief in the retaliatory nature of the allegations against him. He also alerted HR to a rumor defaming Ms. Miles and noted that three unrelated individuals were privy to this information, suggesting a coordinated effort against her.

On March 12, 2021, Plaintiff received a threatening message from Ms. Cliff, accusing him of providing altered screenshots with respect to the investigation. Plaintiff promptly reported this message to HR, highlighting its retaliatory nature. Subsequently, on March 24, 2021, Plaintiff underwent another HR interview focused on the sexual harassment allegations against him, maintaining his innocence and emphasizing the retaliatory nature of the complaint.

On April 5, 2021, Plaintiff received a confrontational email from Mr. Toler in response to his reasonable inquiries about work matters. Plaintiff forwarded the email chain to HR and expressed his intention to file an HR complaint against Mr. Toler, Ms. Rees, and Ms. Cliff after the ongoing investigations concluded, given his belief that he was being retaliated against. Mr. Shaffer requested that Plaintiff wait until the investigations were complete, and Plaintiff agreed.

However, following this, Plaintiff continued to experience mistreatment from Ms. Rees and Mr. Toler, both in written communications and during meetings. On April 27, 2021, HR informed Plaintiff that the sexual harassment allegations against

him were unsubstantiated, but claims of his alleged argumentative behavior were upheld. Surprisingly, the next day, on April 28, 2021, Plaintiff was terminated, with the termination document citing his interactions with Ms. Rees as the primary reason for his dismissal. Defendant continued to retaliate against Plaintiff even after his unlawful termination.

Plaintiff contends that Defendant retaliated against him for engaging in protected activity. Plaintiff reserves the right to supplement this statement as necessary.

Defendant's Statement:

In May of 2020, Plaintiff was hired to be the Director of the Cyber Range for the Georgia Cyber Innovation and Training Center ("Cyber Center") at Augusta University. When Plaintiff was hired, Sarah Rees was the Director of Training at the Cyber Center, where she had been employed since May of 2018. As directors, Plaintiff and Ms. Rees were expected to collaborate and work together to achieve goals and objectives of the Cyber Center, including objectives set by their immediate supervisor, Eric Toler.

In September of 2020, Plaintiff was verbally counseled by Mr. Toler following an incident in which Plaintiff was verbally aggressive and unprofessional toward Ms. Rees. In October, due to a similar incident, Mr. Toler mediated a

discussion between Plaintiff and Ms. Rees. In early January of 2021, Plaintiff again became verbally aggressive and unprofessional during a meeting with Ms. Rees, Mr. Toler, and Michael Shaffer (Executive Vice-President). As a result, Plaintiff was again verbally counseled regarding his behavior, this time by Mr. Shaffer. In early February of 2021, Nicole Cliff, another employee at the Cyber Center reported Plaintiff was unprofessional and demeaning toward her in a meeting. The same day, Mr. Toler asked his assistant, Chelsea Taylor, to contact Augusta University Human Resources regarding formal written discipline for Plaintiff.

Shortly after midnight, on February 22, 2021, Alejandra Miles, another employee at the Cyber Center, sent Ms. Rees a text message stating she had recently engaged in romantic activity with a candidate for a position at the Cyber Center. Ms. Rees responded to Ms. Miles' text message at approximately 6:30 a.m., reassuring Ms. Miles that everything was alright and that Ms. Miles was a valued member of Ms. Rees' team at the Cyber Center. In the interim, at approximately 1:30 a.m., Ms. Miles contacted Plaintiff and stated she needed help because Ms. Miles believed she was a whistleblower. Plaintiff offered to arrange a "secret" meeting between Ms. Miles and Mr. Shaffer later that evening.

Following the meeting between Ms. Miles and Mr. Shaffer, which Plaintiff also attended, Ms. Miles submitted a complaint to Human Resources alleging Ms.

Rees: had a prior romantic relationship with the candidate mentioned above; provided interview questions to the candidate; intended to hire a second individual, with whom Ms. Rees also had a past romantic relationship; and improperly provided bid information to a third-party.

Several days later, Ms. Rees filed a complaint with Human Resources alleging Plaintiff engaged in sexually harassing behavior (by claiming that Ms. Rees "owed" him for getting her a job at Augusta University) and other inappropriate conduct.

Human Resources conducted investigations into both complaints, finding the specific allegations asserted by Ms. Miles, above, unsubstantiated, but finding other concerning behavior in the hiring process warranting attention and potential disciplinary action. Human Resources also found Plaintiff had not engaged in quid pro quo sexual harassment, but that Plaintiff had engaged in harassing behavior and inappropriate conduct. As more fully set forth in Plaintiff's termination letter, based Plaintiff's behavior, including the findings set forth in the Human Resources investigation, AU decided to terminate Plaintiff's employment because: 1) Plaintiff refused to embrace goals and objectives set by Mr. Toler; 2) Plaintiff was verbally abusive and demeaning to his co-workers; 3) Plaintiff and another female co-worker, who was inebriated, entered the Cyber Center building after 11:00 p.m. and remained in a storage room for nearly an hour; and 4) despite instructions otherwise,

Plaintiff contacted a witness during the Human Resources investigation in an attempt to gather information, and attempted to do so using language that the witness understood to be an implied threat.

    **(c)    The legal issues to be tried are as follows:**

    **Plaintiff:**

1.    Whether Plaintiff can establish that Defendant engaged in unlawful retaliation against him in violation of Title VII?

2.    Whether, if Plaintiff proves a violation of Title VII, Plaintiff may recover back pay and front pay?

3.    Whether, if Plaintiff proves a violation of Title VII, Plaintiff may recover compensatory damages?

4.    Whether, if Plaintiff proves a violation of Title VII, Plaintiff may recover punitive damages?

5.    Whether, if Plaintiff proves a violation of Title VII, Plaintiff may recover attorney's fees?

6.    Whether Plaintiff's claims and/or damages are barred and/or limited by the defenses raised in Defendant's Answer and Additional Defenses?

    **Defendant:**

    Without waiving any defenses asserted in its Answer and Defenses, Defendant

submits the following:

1.     Whether Plaintiff can prove by a preponderance of the evidence that he was subjected to retaliation;

2.     Whether Plaintiff can establish a prima facie case of retaliation;

3.     Whether Defendant can establish a legitimate, non-retaliatory, reason for Plaintiff's separation;

4.     Whether Plaintiff can present evidence of pretext sufficient to overcome Defendant's legitimate, non-retaliatory reason; and

5.     What damages, if any, Plaintiff is entitled to recover.

**(d)    The cases listed below (include both style and action number) are:**

**(1)    Pending Related Cases:**

None.

**(2)    Previously Adjudicated Related Cases:**

None.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

_____          (1) Unusually large number of parties

_____          (2) Unusually large number of claims or defenses

_____          (3) Factual issues are exceptionally complex

_____    (4) Greater than normal volume of evidence

_____    (5) Extended discovery period is needed

_____    (6) Problems locating or preserving evidence

_____    (7) Pending parallel investigations or actions by government

_____    (8) Multiple use of experts

_____    (9) Need for discovery outside United States boundaries

_____    (10) Existence of highly technical issues or proof

This case is not unusually complex.

**3.    Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**(a)    For the Plaintiff:**

> Brianna E. Williams
> MÉLANGE | *A Williams Firm*
> 1100 Peachtree Street NE, Suite 950
> Atlanta, Georgia 30309
> *Tel:* 404.793.7993
> *Fax:* 404.793.0693
> brianna@themelangefirm.com

**(b)    For Defendant:**

> Ryan A. Kolb
> Assistant Attorney General
> Department of Law, State of Georgia
> 40 Capitol Square. S.W.

Atlanta, GA 30334-1300
*Tel:* 404-458-3395
rkolb@law.ga.gov

**4.     Jurisdiction:**

Is there any question regarding this court's jurisdiction?

**_____ Yes   _X_  No**

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

**(a)     The following persons are necessary parties who have not been joined:**

None.

**(b)     The following persons are improperly joined as parties:**

None.

**(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

(d)     **The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.     **Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in Local Rule 15.**

(a)     **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

None.

(b)     **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

7.     **Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

(a)    *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)    *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)    *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your Initial Disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).**

**9.      Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The Parties do not request a scheduling conference at this time.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

**Plaintiff:**

Discovery will be needed on the allegations raised in Plaintiff's Complaint and Defendant's defenses thereto.

**Defendant:**

1.    Plaintiff's job performance, including interpersonal skills and compliance with Augusta University Work Rules;

2.    The findings contained in Augusta University's Investigative Report regarding Plaintiff's behavior while employed for Augusta University;

3.    Plaintiff's termination and the bases for Plaintiff's termination;

4.    Plaintiff's alleged damages as a result of his termination; and

5.    Plaintiff's alleged mitigation efforts.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties anticipate needing six months to complete discovery. The discovery period is set to open just as the holidays begin, which will likely delay the completion of written discovery and document productions. The Parties further anticipate potential delays scheduling depositions, as many witnesses are no longer employed with Augusta University. And, finally, the Parties request additional time

for the completion of discovery due to the potential volume of electronically stored information that may be requested, and need to be reviewed and produced. It is the Parties' intent, by seeking an additional two months to complete discovery now, that the Parties will be able to avoid seeking a subsequent extension of the discovery period.

**11.    Discovery Limitation:**

**(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

The Parties do not request modifications to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rules of this Court.

**(b)    Is any party seeking discovery of electronically stored information?**

    X    Yes _____ No

**If "yes,"**

**(1)    The parties have discussed the sources and scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

Discussions are ongoing regarding the precise scope of electronically stored information ("ESI").  However, the Parties have preliminarily agreed to the following:

A.      Electronically Stored Information

The Parties have agreed to the following preliminary stipulations:

1.      If ESI is a subject of discovery, it should be requested with as much specificity as possible to minimize the required expense.

2.      If advanced search methodologies become necessary, the parties agree to confer in an attempt to reach agreement regarding the method of culling voluminous materials.  The parties agree to cooperate in the development of a list of ESI search terms that will then be run against potentially relevant data sets to determine whether, or to what extent, the terms return a large number of "false hits."  The parties further agree to confer about other search parameters including identifying relevant date limitations and specific custodian email accounts to be searched, to exclude irrelevant data.

3.      If the producing party claims that production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible.  Neither Party shall request reimbursement for the location or production of ESI without first providing an estimate of those costs to

the party seeking production and conferring about those costs.  If they cannot reach agreement, they shall jointly seek guidance from the Court.

4.      To enable bates-labeling and redaction, the parties agree that documents in general need not be produced in native format, except for Excel spreadsheets.  But, if Plaintiff proposes a need for the native format of a document or email, Defendant agrees to produce the individual native files in addition to the converted, labeled versions.  The parties will discuss the scope of any metadata production (e.g. which "fields" of metadata will be produced). If voluminous, production of ESI shall be provided on an electronic storage media (such as CD, DVD, portable hard drive, USB flash drive or other portable storage device).

In the event any limitations are requested for which the parties cannot reach an agreement, the parties shall request a conference with the Court.

B.      Privilege Claims

The parties agree that any responsive documents withheld or redacted on the basis of privilege or work-product protection will be listed on a privilege log including the following information:  identification of the sending and receiving parties; date; subject matter; and the basis of the privilege.  However, the parties agree to a categorical exclusion of communications between the parties and their counsel of record on the basis of attorney-client privilege and/or attorney work-

product, thereby releasing the parties of an obligation to enter those communications in a traditional privilege log.  The parties further agree to continue discussions of a more expansive categorical privilege log in the event a traditional privilege log would significantly delay production.  The parties do not anticipate any additional issues related to claims of privilege or of protection of attorney work-product other than those that may be addressed in the parties' anticipated protective order, which shall conform to the Court's standing order and include an appropriate clawback agreement and order pursuant to Federal Rule of Evidence 502 (d).  Should a dispute arise, the parties agree that they will confer in good faith before filing any motions related to claims of privilege.

**(2)    The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:**

To the extent not addressed above, the Parties will produce electronically stored information in searchable .pdf format. The Parties reserve the right to request documents in native form. Should a dispute arise, the Parties agree they will confer in good faith prior to seeking guidance from the Court.

The Parties consent to service of anything required to be served, including

electronically stored information, via electronic means to their e-mail addresses of record pursuant to Fed. R. Civ. P. 5(b)(2)(E). Any electronically stored information that cannot be sent via e-mail should be on a disk or an agreed-upon secure internet method.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The Parties intend to submit a confidentiality/FRE 502 claw back agreement in order to ensure the protection of confidential information and to facilitate the e-discovery process.

**13.    Settlement Potential:**

**(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on <u>November 29, 2023</u> and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff:        Counsel (signature)        */s/ Brianna E. Williams*

For Defendant:        Counsel (signature)        */s/ Ryan A. Kolb*

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_____) A possibility of settlement before discovery.

(__X__) A possibility of settlement after discovery.

(____) A possibility of settlement, but a conference with the judge is needed.

(_____) No possibility of settlement.

**(c)    Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is:**

Additional settlement conferences may depend upon the Parties' progress in completing discovery. However, the Parties agree to hold a settlement conference following the Parties' responses to first interrogatories and requests for production of documents. If settlement discussions are unsuccessful, the Parties agree to hold a second settlement conference following Plaintiff's deposition and the deposition of AU's decision maker(s).

**(d)    The following specific problems have created a hindrance to settlement of this case.**

Questions exist regarding liability, as well as the precise nature, and amount, of the damages sought by Plaintiff.

14.  **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (___) do consent to having this case tried before a magistrate judge of this Court.

(b)    The parties (**X**) do not consent to having this case tried before a magistrate judge of this court.

This 18th day of December, 2023.

/s/ Brianna E. Williams                     /s/ Ryan A. Kolb
Brianna E. Williams                         Ryan A. Kolb
Georgia Bar No. 226344                      Assistant Attorney General
MÉLANGE | *A Williams Firm*                 Department of Law, State of Georgia
1100 Peachtree Street NE, Suite 950         40 Capitol Square. S.W.
Atlanta, Georgia 30309                      Atlanta, GA 30334-1300
*Tel:* 404.793.7993                         *Tel:* 404-458-3395
*Fax:* 404.793.0693                         rkolb@law.ga.gov
brianna@themelangefirm.com

                                            *Counsel for Defendant Board of Regents*
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER APSEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:23-cv-04546-MLB-RDC |
| **BOARD OF REGENTS OF THE** | ) | |
| **UNIVERSITY SYSTEM OF** | ) | **JURY TRIAL DEMANDED** |
| **GEORGIA D/B/A** | ) | |
| **AUGUSTA UNIVERSITY** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on the 18th day of December, 2023 electronically

filed the foregoing pleading with the Clerk of Court by using the CM/ECF system

which will send a notice of electronic filing to the following attorney of record:

Brianna E. Williams
brianna@themelangefirm.com


*/s/ Ryan A. Kolb*
Ryan A. Kolb
Attorney for Defendant